The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (1992), 83 Ohio App.3d 897.]

Court of Appeals of Ohio,
Summit County.

No. 15468.

Decided Nov. 25, 1992.

*Lynn Slaby,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

*Thomas L. Adgate,* for appellant.

CACIOPPO, Judge.

Plaintiff-appellant, Denise Smith, was charged with drug abuse and possessing drug paraphernalia. Following a trial to a jury, Smith was convicted of drug abuse in violation of R.C. 2925.11. Smith appeals, asserting one assignment of error. We affirm.

### Assignment of Error

"The trial court erred by denying the appellant's motion for acquittal pursuant to Rule 29 of the Ohio Rules for Criminal Procedure when the law and facts surrounding the case did not substantiate the jury's verdict of guilty in the charge of drug abuse."

Smith asserts in her sole assignment of error that the trial court erred by denying her Crim.R. 29 motion for acquittal. We do not agree.

The standard we apply when determining whether a Crim.R. 29 motion for acquittal should have been granted is to determine whether the evidence was such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. After reviewing the evidence presented in the case at bar, we find that the trial court properly denied appellant's motion for acquittal.

The evidence adduced at trial demonstrated that Smith was the only passenger in a car parked on a side street. The police officer who approached the car testified that Smith, after seeing the officer approach, moved in such a manner as to suggest that she was hiding something beneath her. The officer instructed Smith to exit the car. The officer then searched the seat in which Smith had been sitting. The officer discovered a crack pipe and a knife concealed in the seat. The crack pipe was tested and cocaine residue was found on the pipe.

The evidence presented in the case at bar was such that reasonable minds could reach different conclusions as to whether each material element of R.C. 2925.11 had been proven beyond a reasonable doubt. *State v. Bridgeman, supra.* Therefore, the trial court did not err by denying Smith's motion for acquittal.

The assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.